```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

JAMES H. GOSSARD,                    :
                                     :
        Plaintiff,                   :
vs.                                  :   CIVIL ACTION 10-0418-KD-M
                                     :
LEXIS NEXIS SCREENING SOLUTIONS,     :
                                     :
        Defendant.                   :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint together with a Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(d), and is now before the Court for Plaintiff's failure to pay the filing fee and to comply with the Court's Order.

On September 7, 2010, Plaintiff filed a Motion for Extension of Time to File an Amended Complaint and to pay the $350.00 Filing Fee (Doc 7). On September 20, 2010, Plaintiff's motion was granted, and Plaintiff was ordered to pay the $350.00 filing fee and to file his amended complaint not later than October 15, 2010 (Doc. 9). To date, Plaintiff has not paid the $350.00 filing fee, nor has he file his amended complaint. The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(interpreting Rule 41(b) not to restrict the court's inherent World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)(ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or

anything in it must, within fourteen days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate judge.
<u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th
Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B,
1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and
recommendations of the magistrate judge is set out in more detail
in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a matter
> excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement
> of Objection to Magistrate Judge's Recommendation" within
> fourteen days after being served with a copy of the
> recommendation, unless a different time is established by
> order.  The statement of objection shall specify those
> portions of the recommendation to which objection is made
> and the basis for the objection.  The objecting party
> shall submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's arguments
> that the magistrate judge's recommendation should be
> reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is
> insufficient to submit only a copy of the original brief
> submitted to the magistrate judge, although a copy of the
> original brief may be submitted or referred to and
> incorporated into the brief in support of the objection.
> Failure to submit a brief in support of the objection may
> be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court
of Appeals; only the district judge's order or judgment can be
appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate
judge finds that the tapes and original records in this action are
adequate for purposes of review.  Any party planning to object to
this recommendation, but unable to pay the fee for a transcript, is
advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost of
the transcript.

DONE this 1st day of December, 2010.

                                                s/BERT W. MILLING, JR.  
                                                UNITED STATES MAGISTRATE JUDGE